McDONALD, J.,
agreeing in part and dissenting in part.
1 i While I agree with the majority opinion reversing the jury finding that an intentional act was committed by Mr. Martinez’s employer and I agree with the conclusion that the jury award for damages was excessive, I respectfully dissent in the amount of the reduction. I believe the highest amount the jury could have reasonably awarded in most categories is less than that found by the majority. The only awards with which I agree is the $100,000 award to Gilberto Soto Martinez 12for witnessing the death of his brother and the $330,000 award to Ms. Maldonado for economic loss.
As to the survival claim, I believe the majority’s reduction of the award to $300,000 is still too high and not supported by the evidence. The testimony indicated that Mr. Martinez fell from a height of over 60 feet when the rebar cage collapsed. He was found lying face down and was breathing, but died at the scene shortly thereafter. There is no evidence in the record that Mr. Martinez was conscious at the scene. The cases cited and relied on *944 by the majority are distinguishable because the victim in each case was conscious and aware for hours or days after the accident. The evidence supports a finding that Mr. Martinez would have been frightfully aware that he was likely to die or suffer serious injury when the rebar cage collapsed and he fell. However, this amount should be limited to the time it took him to fall the 60 feet. It should not include anything for the time from when he landed on the ground until his death since he was unconscious and unaware of his situation.
I also find the majority’s reduction of the award to Ms. Maldonado and to each child for the wrongful death of Mr. Martinez to still be excessive.
Thus, I respectfully dissent from those portions of the majority opinion that only reduces the award for the survival action claim to $300,000, the widow’s wrongful death claim to $750,000 and the two children’s wrongful death claim to $450,000. I agree with the reduction of the widow’s economic loss claim to $830,000 and the reduction of the brother’s bystander claim to $100,000.